EASTERN DIS.
*May,* 1832.

KELLY *vs.* CALDWELL.

KELLY
*vs.*
CALDWELL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

It is not a consequence of a demand in reconvention, that there must be a separate judgement on it, though there are many cases in which it is required.

Where damages are claimed for a breach of contract, and the defendant reconvenes and charges the breach to have been occasioned by the plaintiff, a verdict in favor of the latter is a verdict against the former.

The plaintiff, who, in theatrical language, was a *star*, entered into a contract with the defendant to *play* a certain number of nights in the theatre of the latter. During her engagement, she was *cast* for a character which she considered out of her established line, and which she refused to play. The defendant, thereupon, dissolved the contract; and the present suit was brought for damages.

The defendant, in his answer, charged, that the plaintiff had broken the contract by her refusal to play the character assigned, and for which, damages were claimed in reconvention.

The contract entered into between the parties, was silent as to what characters the plaintiff should play; but, from the testimony, it appeared that the manager of a theatre had no right to compel a *star* to appear in a character, not within her established line of acting. The cause was tried by a jury who found a verdict for the plaintiff, and the defendant appealed.

*Worthington*, for appellant, contended:

That upon a fair construction of the contract, it was the duty of the plaintiff to play the characters assigned by the defendant, and that she committed a breach of contract in refusing to do so.

*Duncan, contra.*

PORTER, J., delivered the opinion of the court.

EASTERN DIS.
May, 1832.

KELLY
vs.
CALDWELL.

The petition charges, that the plaintiff entered into a contract with the defendant, by which she agreed to act in his theatre in New-Orleans, twenty-four nights, commencing on or about the 15th January, and for which he was to pay her one thousand five hundred dollars; that the plaintiff was ready and willing to perform her part of the contract, and offered to do so; but that the defendant refused her services, and informed her he considered their agreement as no longer binding on him.

The defendant denied the allegations in the petition, and prayed for a trial by jury. He further set up a claim in reconvention, on the ground that the plaintiff had failed to comply with her contract, by which he alleged he had sustained damage to the amount of two thousand dollars.

The cause was submitted to a jury, who found a verdict in favor of the petitioner for one thousand five hundred dollars. The defendant made an unsuccessful attempt to obtain a new trial and appealed.

The plaintiff is, in theatrical language, a *star*. This suit has grown out of a dispute between the parties in relation to their rights under the contract already alluded to. The plaintiff insists that, as a *star*, she had the privilege of selecting for performance those characters in which she could shine to most advantage. The defendant contends that she was obliged, on his request, to appear at his theatre in any part she had previously performed elsewhere. The agreement does not state in whom the right of selection is vested; but the terms of the contract must be construed in relation to the subject matter, and usage supplies in this, as in all other agreements, such incidents, as it is to be presumed the parties understood, and which were not inserted because they were understood. Testimony has been taken as to the custom in cases like the present. It is somewhat contradictory; but we think it greatly preponderates in favor of the right claimed by the plaintiff. Her refusal to perform on a particular

night, is sufficiently accounted for by the state of her health on that night; and, on the whole, we think the jury, and the court below drew correct conclusions from the facts as proved in evidence.

But several legal objections have been taken to the affirmance of the judgement below.

1st. There is a demand in reconvention, and the jury have not passed on it. It is not a consequence of a demand of this kind that there must be a separate judgement on it, though there are many cases in which it is required. Where the claim in reconvention grows out of the very same matter on which the plaintiff's right of action is based, two judgements are not necessary, because sustaining one necessarily rejects the other. In this case, the plaintiff claimed damages for the defendant's breach of a certain contract. The defendant charged the breach to have been occasioned by the conduct of the plaintiff. A verdict in favor of the latter, was, consequently, a verdict against the former. Our Code of Practice has not changed the former rules on this subject; and though they have no longer the force of law, their good sense is obvious, as this case exemplifies. *Febrero, p.* 2, *lib.* 3, *cap.* 1, § 6, *nos.* 226, 229.

*It is not a consequence of a demand in reconvention, that there must be a separate judgement on it, though there are many cases in which it is required.*

*Where damages are claimed for a breach of contract, and the defendant reconvenes and charges the breach to have been occasioned by the plaintiff, a verdict in favor of the latter, is a verdict against the former.*

The next is, that the plaintiff should have put the defendant in *delay*, and should have offered to perform every night during the whole of her engagement. The letter from the defendant shows the plaintiff had offered to comply with her contract; and his annunciation that he considered their agreement at an end, dispensed with any further steps on her part. *L. C.* 1926.

The appellee has prayed the judgement below should be affirmed with damages; but we do not think this a case in which they should be accorded.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed with costs.