## PARROTT ET UX. *vs.* EDWARDS ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH

OF ST. LANDRY, THE JUDGE OF THE SEVENTH PRESIDING.

Where a third person is interposed and sued as a trespasser, and disturbing the plaintiffs in their possession and title to a certain tract of land, and the vendors of the plaintiffs are called in warranty, they will be discharged and released, when it is shown the action against the immediate defendant is simulated, or when the suit fails or is not prosecuted as to him.

This is an action by the plaintiff and wife, instituted in the first instance against one Edwards, who was their overseer, alleging he had entered and was committing waste on a tract of land which they had purchased from one Louis De Kerlegand, for the sum of $6000, all of which was paid except the last instalment of $2,250, which was then due. They aver they are in danger of eviction, and pray that Edwards and De Kerlegand be cited; and that they have judgment declaring them to be the true owners of said land, and also for damages against Edwards; and further, that in case of evic-

tion, they be released from the judgment of the instalment of the price now due, and recover $750 in damages; and finally, that the payment of this instalment be suspended, until De Kerlegand restore him to quiet and the peaceable possession of said land.

De Kerlegand appeared and pleaded the general issue, and averred he made a good title to the land in question, which he conveyed to the plaintiffs: He denies specially that Edwards ever did, or has at any time disturbed the possession or title of the plaintiffs, and that he simply resided or was on the land as the overseer of the plaintiffs. He further states that he purchased the land from Wm. Wikoff, whom he calls in warranty; and prays that the demand of plaintiffs be rejected as collusive and fradulent with the defendant, Edwards.

Wikoff appeared, defended the title, and called on his vendor.

Edwards pleaded the general issue; avers he has cut timber from the public land in the neighborhood, but not from the *locus in quo*. He prays to be dismissed.

Upon these pleadings and issues the cause was tried.

On the trial, the plaintiffs made no attempt to try the case as against Edwards, but proceeded against De Kerlegand and his warrantor as if the disturbance had actually taken place.

Upon the pleadings and evidence, the District court gave judgment for the plaintiffs, against De Kerlegand for $1,390; and in favor of the latter over against Wikoff for the same amount. De Kerlegand and Wikoff appealed.

*T. H. Lewis*, for the plaintiffs, contended:

1. The plaintiffs being disturbed in their possession of the land in question, had a right to sue the disturber and cite their vendor, in the same suit. La. Code, arts. 2493 and 2495.

2. The warrantors by appearing and contesting the cause on its merits, are precluded from objecting to the form of the action.

*Swayzé*, for the defendants and appellants.

PARROTT ET UX.
*vs.*
EDWARDS ET AL.

*Martin, J.* delivered the opinion of the court.

The plaintiffs brought this action against one Edwards, for a trespassing on their land, by cutting down trees, and committing other acts of waste, under a pretence of title, and threatening to evict them of a portion of their land. They made the defendant, De Kerlegand, their vendor and warrantor, a party to the suit; praying that in case the court sustained the title or claim of Edwards, they may have judgment against De Kerlegand for part of the price of said land already paid, and released and discharged from the  ird and last instalment of $2,250 also due; and that De Kerlegand come in and defend this suit. The latter appeared and cited William Wikoff, his vendor in warranty.

The defendant, Edwards, did not deny cutting down some trees, but averred that the *locus in quo* was part of the vacant land of the United States, and that he committed no disturbance or trespass on the plaintiffs' land.

The defendant, De Kerlegand, pleaded the general issue; averred that in the institution of this suit the plaintiffs colluded with the defendant Edwards for the purpose of vexing him, (De Kerlegand,) and for the further purpose of delaying or avoiding the payment of the balance of the price of said land already due; that the defendant, Edwards, never claimed title to the *locus in quo,* and if he resided thereon, or does so now, it was with the permission and consent of the plaintiffs, whose overseer he is.

Wikoff appeared and pleaded the general issue; and averred he had a good and valid title, which he conveyed to De Kerlegand.

The plaintiffs made no attempt to obtain judgment against the defendant, Edwards: But judgment was given in their favor against De Kerlegand, their vendor, and for the latter against Wikoff; both for the same amount. From this judgment De Kerlegand and Wikoff are appellants.

They contend that the judgment is *ultra petitum,* because

it was asked only on a contingency; to wit: the recognition of Edwards' title, and this title has not been acted upon.

The plaintiffs and appellees contend, that they and the appellants have brought the title of Wikoff under the consideration of the court, and that it has been adjudged defective.

It appears to us, that the defendants having pleaded the general issue, it behoved the plaintiffs to establish every allegation in the petition; the most material one of which was, the validity of the title of Edwards; and the defendants were called in for the principal purpose of protecting the plaintiffs by a successful opposition to the recognition of Edwards' title by the court. This was the contingency on which the petitioners claimed judgment against the defendants.

The petition did not allege any defect in the plaintiffs's title, resulting from the invalidity of the titles of his immediate and mediate vendors, De Kerlegand and Wikoff. There was no necessity for either of the latter to produce or support his title, until Edwards produced one apparently good, and adverse.

The suit, so far as Edwards is concerned, appears to be a simulated one; instituted for no other purpose than that of ingrafting thereon, an action against the appellants. This mode of proceeding cannot receive the countenance of this court; and must be at once repudiated. The principal support, or contingency on which the action depended having failed, all that is accessary or dependant on it must share a like fate.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; and that there be judgment in favor of the defendants and appellants, with costs in both courts.