GRENIER PETIT *v.* JEAN FRANÇOIS LAVILLE.

To recover in an action for the difference between the price for which a slave was sold to the defendant, and that subsequently obtained on a sale made at the purchaser's risk, on his failure to comply with the terms of the first sale, where there is a general denial, plaintiff must prove that defendant was put *in mora* before the second sale

Petit v. Laville.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

SIMON, J.   In January, 1841, the defendant became the purchaser, at public auction, of a negro woman named Aglae, for the sum of thirteen hundred and ten dollars, payable at 6, 12, 18, and 24 months credit, for which notes were to be given, with good and satisfactory endorsers.   The slave was sold as *a washer*, and *a cook*, and was recommended as *a good subject.*   The defendant did not comply with the conditions of the sale, by furnishing the notes required in the *procès verbal* of adjudication ; and sometime in March following, the slave was resold at public auction, by the plaintiff, for the account, and at the risk of the defendant, (*à sa folle enchère*,) and was adjudicated to the highest bidder for the sum of $1040.

The plaintiff sues to recover the difference of the price, and the amount of the expenses occasioned by the second sale, forming together the sum of $345.   He also claims $200 damages.

The plaintiff's claim is resisted on the grounds : that the slave was adjudicated to the defendant as a good washer and a good subject, but that she is neither, that this was ascertained a few days after the adjudication ; that the slave ran away from the defendant, and was in the habit of running away at the time of the sale ; that when the defendant ascertained those facts, he offered to return and did return the slave to the plaintiff, expressing his readiness to annul the adjudication : wherefore, he prays that the adjudication may be annulled.

There was judgment below in favor of the plaintiff for the sum of $345, and the defendant has appealed.

The petition contains the allegation, that the defendant was legally put in default; and that, in consequence thereof, the slave was resold at his risk.   This allegation, as well as all the other facts alleged in the petition, is met by a general denial on the part of the defendant ; and thus it became incumbent on the plaintiff to prove that he had put his adversary *in mora*, previous to the sale, otherwise his action could not be maintained.   For that purpose, a letter addressed to the defendant by the plaintiff, is found in the record ; which letter, dated the 20th of February, 1841, calls upon the defendant to comply with the conditions of the sale, and says : " *dès à présent l'esclave est et demeure à vos*

*risques et périls.*" This would have been sufficient to put the defendant in default, if it had been shown that the letter was delivered to him, or left at his domicil. 3 La. 99. But the record contains no evidence that the letter ever reached the defendant's hands, and we cannot presume it. It is clear, that it was the duty of the plaintiff to put the defendant *in mora,* previous to proceeding to the sale of the slave at the defendant's *folle enchère,* and that he cannot recover the difference of the price, unless he show that this prerequisite has been duly complied with. This not having been shown in this case, the plaintiff's action must fail.

It is therefore ordered and decreed, that the judgment of the Parish Court be annulled, and reversed, and that ours be for the defendant, as in case of nonsuit, with costs in both courts.*

*Forcelle* and *Blache,* for the plaintiff.

*J. F. Pepin,* for the appellant.

---

* *Forcelle* and *Blache,* for a re-hearing. The allegation in the answer, that "the defendant offered to return, and did actually return the slave to the plaintiff, expressing his readiness to annul the adjudication," proving the unwillingness or refusal of the defendant to comply with the terms of the first sale, rendered proof of any demand to comply with such terms, unnecessary. *Lex neminem cogit ad vana. Lynch* v. *Postlethwaite,* 7 Mart. 69. *Kelly* v. *Caldwell,* 4 La. 40. *Garcia et al.* v. *Champomier et al.,* 8 La. 522. *Hyde* v. *Grigsby,* 11 La. 240.

*Re-hearing refused.*