## John Ballew *v.* Felix Bobb, Sheriff.

A Sheriff cannot be held responsible for property seized by his predecessor in office, without proof that the property so seized had come into his possession, or that he had bound himself in some way for its production.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J.

*A. B. Hendry*, for plaintiff. *Smith & Spenser*, for defendant and appellant.

Buchanan, J. On the 1st June, 1853, the Sheriff of Catahoula parish, *D. M. Pritchard*, seized and took into his possession one hundred and fifty head of cattle and one hundred hogs, under a *fi. fa.* issued in the suit of *Thomas C. Ballew v. Benjamin P. Curry*, in execution of a judgment rendered in that suit in favor of plaintiff against defendant. The sale of the property thus seized, was enjoined upon the petition of a *third* opponent, who claimed the property. This injunction was dissolved by a final judgment of the Supreme Court at Monroe, in the July term of 1856.

The Sheriff, who had made the seizure, had, in the mean time, gone out of office and been succeeded by *Timothy Spann*, who qualified as Sheriff of Catahoula on the 11th January, 1854. *Spann's* term of office had also expired, and *Felix Robb* had been elected Sheriff, who qualified March 13th, 1856. The present suit is brought to render the defendant liable for the amount of the judgment of *Ballew v. Curry*, for not having advertised and sold the property seized by his predecessor in office, *Pritchard*, under the execution, although formally required by plaintiff to do so. The defendant pleads specially that said property never came into his hands.

Upon this point, the evidence is, that all the papers found in the Sheriff's office were taken possession of by *T. Spann*, as Sheriff, and by him delivered to *Robb*, his successor in office; but there is no evidence as to what became of the cattle and hogs seized by *Pritchard*, after the seizure, except the return of *Pritchard*, which states that he placed the plaintiff in execution (*Thomas C. Ballew*,) as keeper. *Thomas C. Ballew* appears to have left the parish and moved to Texas in November, 1853, and to have died in Texas some time previous to the 14th of March, 1854, when his brother (the present plaintiff) applied for and obtained letters of administration on his estate.

Upon this state of facts, we are of opinion that the plaintiff is not entitled to judgment against this defendant. The latter cannot be held responsible for property seized by his predecessor in office, without proof that the property so seized had come into his own possession; or that he had bound himself, in some way, for its production, or that he was guilty of some neglect in taking possession.

The plaintiff's petition alleges that the defendant was surety upon the official bond of his predecessor, *Spann*. But there is no proof of this in the record, although the defendant's plea of the general issue, put plaintiff upon the proof of this fact. And even had it been proved, it would have been further necessary to show a privity of contract between *Spann* and *Pritchard*, which is neither proved nor alleged.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment in favor of the defendant, as in case of nonsuit, with costs in both courts,