### N. R. JENNINGS *v.* R. F. HODGES, Sheriff, et al.

The remedy by a sale *a la folle enchere*, is a harsh one, which must in all cases, be strictly preceded by an observance of all the forms of law known in commutative obligations; and the putting in default, by a tender of a formal deed of sale, is a condition precedent to a recovery of damages.

APPEAL from the Dist. Court of the Parish of St. Helena, *Wilson*, J. *Hennen & Martin*, for plaintiff and appellant. *Russell & Ellis*, for defendants.

DUFFEL, J. The plaintiff having become the *adjudicatee*, at a partition sale made by the Sheriff, of a certain tract of land, and having failed to comply with the terms of the adjudication, the Sheriff re-advertised and sold the property to another party, at the risk of the first purchaser, as provided by the Code, Art. 2589.

The plaintiff enjoined the Sheriff and all the parties in interest, from completing the second adjudication by the execution of a regular deed of sale, for the avowed purpose of defeating any recourse on him for the difference in the price of the two sales, as he does not, unless compelled judicially, propose to take the land on the terms and conditions of the first adjudication. Apart from specific informalities charged by him as having preceded the first sale, and which, under the view we have taken of the case, do not require our attention, the plaintiff contends that he is not responsible for the difference in the price of the two sales, because he was not legally put *in morâ*.

The injunction, it is palpable, issued improvidently, and of this opinion was the plaintiff himself, for he formally abandoned and dismissed it in the lower court.

It is equally clear that the intervention of the plaintiff was premature; but inasmuch as the vendors have, by their plea in reconvention, joined issue, on the point made by the plaintiff, by claiming the difference of

41

JENNINGS
v.
HODGES.

the two adjudications, we are necessarily called upon to review this branch of the case.

The evidence informs us, that on the day of the first adjudication, the Sheriff demanded twice of the plaintiff a compliance with the terms of the sale, and that a day was fixed for that purpose. No deed was ever formally tendered or drawn up, but the Sheriff informed the plaintiff that he was ready to comply with his part of the obligation. The plaintiff did not, however, appear on the appointed day.

On the first interview the plaintiff stated "that he had a partner in with him, and that the land had been run up very high on him, and that if his partner was not satisfied, he did not know whether he would or could comply with the terms of sale;" and at the second interview, the plaintiff "made a conditional promise to attend at the time appointed. The condition was, that if his partner would go into the arrangement with him. He made no other objection."

It appears, however, that the vendors took the matter into their own hands; for the Parish Recorder informs us, that after the sale, they and the plaintiff "came into my office in Greensburg, and stated that they wished a day fixed for the partition of the land; and that on that day he (Mr. Jennings) would comply with the terms of sale. I am Recorder of St. Helena Parish. Mr. Jennings said that on the day fixed for the partition the terms of the sale would be complied with, and that he would be present himself, or Mr. Ashford Addison would represent him. The partition was not had or made. On the day fixed for the partition, neither Mr. Jennings, Addison, or any one else appeared before me to comply with the terms of the sale, &c."

The other testimony bearing on this point refers principally to statements made by the plaintiff, on or after the day of the second adjudication, and could not supply the want of a formal default, or dispense the vendors from making a tender of a valid title. The same remark applies to the averments contained in the petition of injunction.

Those declarations, by giving to them their utmost effect, only amount to a passive breach, C. C. 1925, 1927; hence we must determine, from the above synopsis of the evidence, if the plaintiff was legally put in default.

Our predecessors have, on more than one occasion, declared that the remedy by a sale, à la folle enchère, is a harsh one, which must, in all cases, be strictly preceded by an observance of all the forms of law known in commutative obligations; and that the putting in default, by a tender of a formal deed of sale, is a condition precedent to a recovery of damages. C. C. 1906, '7 and '8, 1927, 2588, 2589; Stewart v. Spaulding, 6 L. R. 152; Municipality No. 2 v. Hennen, 14 L. R. 559; Hodge v. Moore, 3 Rob. 401; Petit v. Laville, 5 Rob. 117; Guillotte v. Jennings, 4 An. 242.

It cannot, it seems to us, be seriously contended, that the plaintiff was, under the above authorities, put in morâ.

The failure of the plaintiff to meet his appointment with the Sheriff did not, in our sense, amount to a legal default; and in fact this arrangement was superseded by the subsequent one made with the vendors in person; and we have seen by the testimony of the Recorder that all the parties failed to attend.

Our above view of this case, we are satisfied, operates harshly against the reconveners, but it is the consequence of their omission, and we are

not permitted to disregard a now well settled principle of law to give effect to the equity of a particular case.

The appellees' demand for an amendment of the judgment, by an allowance of special damages for the wrongful issuing of the injunction, was not filed in time. C. P. 890.

It is, for the reasons assigned, ordered and decreed, that the judgment of the District Judge be avoided and reversed, and that there be now judgment against the plaintiffs in reconvention, as in case of nonsuit, they paying the costs of their reconventional demand and of this appeal, and the plaintiff the other costs of the lower court.

VOORHIES, J., absent.