InsLEY, J.
The plaintiff sues to recover from the defendant the sum of three hundred and twenty dollars, for building a cotton gin-house and press, on the plantation of the defendant.
The defense was, that the gin-house, etc., was so defectively constructed that it fell down on a calm day, in February, 1865, about two years after its completion ; and that the material used in the said building was thereby destroyed, and was a loss to her.
She reconvened, and claimed damages to the amount of five hundred dollars for the loss of the material.
There was a trial by jury, and a verdict was rendered in favor of the defendant for one hundred and seventy-five dollars as damages, and from a judgment thereupon rendered the plaintiff has appealed. The verdict of the jury seems only to have responded to the reconventional demand, and not to the plaintiff’s claim.
It has been held that, when the reconvcntional demand grows out of the plaintiff’s cause of action, a verdict for one party is necessarily a verdict against the other. Kelly v. Caldwell, 4 La. 40. 6 An. 222. No objection is made in this case to the form of the verdict, and it is unnecessary, therefore, for us to say whether the same is or not defective.
A careful examination of the facts of the present controversy has satisfied us that it must bo governed by Article 2733 of the Civil Code, which is a modification of Article 1792 of the Code Napoleon ; and, referring to. *99 this last article, Mareadé considers it as much a matter of public order as of private interest; and it is for the undertaker, in the exercise of his art, to ascertain if the materials to be employed in a construction are suitable.
The badness of the workmanship comprehends not only a defect of construction, but, likewise, the using of bad materials, notwithstanding these materials be furnished by the proprietor, as it is the duty of the undertaker to reject them. Yol. 6, p. 536, Art. 1.
Applying Article 2733, as exporurded by the erudite French commentator, to the facts of this case, as they were presented to the jury, and as they are extant upon the record, their verdict in favor of the defendant was certainly a correct one.
The plaintiff deems the amount of damages awarded excessive; but, as in this particular the verdict is not manifestly erroneous, and it has been sanctioned by the Judge a ano, we are not disposed to set it aside.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.