No. 2100

Second Circuit

ARKADELPHIA MILLING CO. v. WALK-
ER-HOWE GROCER CO., INC.

(December 11, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Payment—Par. 17,
20; Pleading—Par. 115.

Testimony as to payment of the account
sued upon is inadmissible where the
defense is merely a general denial,
and the plea of payment is not espe-
cially made.

Appeal from the Second Judicial District
Court of Louisiana, parish of Webster.
Hon. Robert Roberts, Jr., Judge.

Action by Arkadelphia Milling Co.
against S. T. Anders and Walker-Howe
Grocer Co., Inc.

There was judgment for the defendant
and plaintiff appealed.

Judgment affirmed.

L. W. Watkins, of Minden, attorney for
plaintiff, appellee.

Stewart & Stewart, of Minden, George
Wesley Smith, of Rayville, attorneys for
defendant, appellant.

ODOM, J.    This is a suit to recover a
balance on an open account. The defense
is a general denial. There was judgment
for plaintiff and defendant appealed.
Judgment amended and as amended af-
firmed.

OPINION.

Plaintiff brought this suit for $707.66,
alleged to be the balance due it by the
defendant on an open account. The de-
fendant answer, pleading the general issue.
Plaintiff attached to and made a part of
its petition a sworn itemized statement of
its account against defendant, showing
all debits and credits, with the balance
brought down. It also attached invoices
of the various sales. Plaintiff offered
said itemized account, sworn to, in evi-
dence and made proof of its correctness.
Defendant, as stated, filed answer denying
generally and specially all the allegations
of plaintiff's petition, but interposed no
special plea. Defendant, on trial, at-
tempted to prove that the account had
been paid in full. Counsel for plaintiff ob-
jected to any evidence going to show pay-
ment, for the reason that defendant had
not interposed that special plea in an-
swer. The court, at first, overruled the
objection and admitted the testimony sub-
ject to the objection. It later sustained
the objection.

Testimony as to the payment of the ac-
count was inadmissible. A general denial
puts at issue only such facts as are neces-
sary for plaintiff's recovery.

Heirs of Wood vs. Nicholls, 33 La. Ann.
745.

Lallande vs. Ingram, 19 La. 366.

Petit vs. Laville, 5 Rob. 117.

Ducros vs. Jacobs, 10 Rob. 453.

Ballew vs. Robb, 13 La. Ann. 375.

Proof of payment should not be ad-
mitted without a plea to that effect.

D'Arensbourg vs. Chauvin, 6 La. Ann.
778.

Gleises vs. Faurie, 6 La. 456.

McKown vs. Nathes, 19 La. 543.

Code of Practice, Article 327.

However, even if we consider the evidence of payment found in the record, we must hold that defendant failed to make satisfactory proof that the balance of the account has been paid.

Owing to what appears to be a clerical error, judgment was awarded for $767.66 when it should have been for $707.66.

For the reasons assigned, it is ordered that the judgment appealed from be amended accordingly and as amended that it be affirmed with costs.