CALVIN ROGOFF        *        NO. 2022-CA-0070

VERSUS        *

NEW ORLEANS POLICE        *        COURT OF APPEAL

DEPARTMENT        FOURTH CIRCUIT

       *

       STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9084
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Donovan A. Livaccari
LIVACCARI VILLARRUBIA LEMMON, LLC
101 W. Robert E. Lee Blvd.
Suite 402
New Orleans, LA 70124-2472

       COUNSEL FOR PLAINTIFF/APPELLEE

Elizabeth Robins
Deputy City Attorney
Churita H. Hansell
Chief Deputy City Attorney
Donesia D. Turner
Senior Chief Deputy City Attorney
1300 Perdido Street, Room 5E03
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLANT

           **AFFIRMED**
           **JULY 20, 2022**

This is a civil service case. Appellant, New Orleans Police Department ("NOPD"), appeals the September 13, 2021 decision of the Civil Service Commission of the City of New Orleans (the "Commission") that reversed the discipline – a four-day suspension – imposed on Officer Calvin Rogoff ("Ofc. Rogoff") and found that the discipline was an absolute nullity for NOPD's failure to timely investigate the violations. For the following reasons, we affirm the Commission's decision.

## FACTUAL BACKGROUND

Ofc. Rogoff is a police officer with permanent status with NOPD. The facts leading to Ofc. Rogoff's discipline arises out of a public complaint. On March 12, 2016, a complainant notified the police that when a second line parade passed in front of his residence, two strangers wandered onto the property. One of the strangers urinated on the side of the residence, but was chased away by the complainant's wife. The second stranger climbed onto the roof and damaged the complainant's gutters. Ofc. Rogoff was dispatched to investigate the complaint. Once Ofc. Rogoff arrived on the scene, the complainant showed Ofc. Rogoff surveillance video footage of the incident and froze the video on an image of the

1

face of the intruder who damaged the gutters. Ofc. Rogoff informed the complainant that trespass was not usually an issue that triggered a follow-up investigation. Ofc. Rogoff did not author a report of the complainant's property damage nor did he collect the complainant's surveillance footage of the incident and intruders who damaged the complainant's property.

On November 1, 2018, Investigator Ernest Crayton ("Investigator Crayton"), assigned to the Public Integrity Bureau Intake Unit ("PIB"), received a public complaint against Ofc. Rogoff regarding the March 12, 2016 incident. Subsequently, on November 13, 2018, Investigator Crayton initiated a formal disciplinary investigation into Ofc. Rogoff's conduct. Ofc. Rogoff was charged with violating two NOPD rules – failure to write a report and failure to collect evidence.[1]

On November 26, 2018, Sergeant Gary Lewis ("Sgt. Lewis"), the NOPD investigator assigned to investigate the formal charges against Ofc. Rogoff, timely filed a sixty-day investigation extension request, which the Commission granted on December 18, 2018.

On February 11, 2019, NOPD issued a Notice to the Accused of Completed Investigation and Notice of Pre-Disciplinary Hearing (the "notice to the accused") to Ofc. Rogoff, notifying him that the investigation was complete, and his pre-disciplinary hearing before Captain Lejon Roberts ("Capt. Roberts") was scheduled on April 3, 2019. The notice to the accused further stated that Sgt. Lewis recommended Ofc. Rogoff be "EXONERATED" of all charges, but that the

---

[1] Violation 1: Rule 4, Performance of Duty, Paragraph 4, Neglect of Duty, subparagraph C-4, Failing to make a written report when such is indicated; and Violation 2: Rule 4, Performance of Duty, Paragraph 4, Neglect of Duty, subparagraph C-8, Failing to thoroughly search, collect, preserve, and identify evidence in an arrest or investigative situation.

Police Superintendent had the final authority on all discipline. Both Sgt. Lewis and Ofc. Rogoff signed the notice to the accused.

On March 6, 2019, Deputy Superintendent of the Field Operations Bureau Paul Noel ("Dep. Chief Noel") submitted a written cover letter to Superintendent Shaun D. Ferguson ("Chief Ferguson") stating that he reviewed the disciplinary investigation and disagreed with Sgt. Lewis' recommendation that Ofc. Rogoff be exonerated on all charges. Dep. Chief Noel recommended that the charges against Ofc. Rogoff be "SUSTAINED,"[2] and provided reasons to support his conclusions. On March 11, 2019, Chief Ferguson agreed with Dep. Chief Noel's recommendation to sustain the charges against Ofc. Rogoff.

On April 25, 2019, Capt. Roberts, assigned to conduct the pre-disciplinary hearing for Ofc. Rogoff, forwarded a second pre-disciplinary hearing notice to Ofc. Rogoff, informing Ofc. Rogoff that Dep. Chief Noel had overturned Sgt. Lewis' recommendation to exonerate him and had sustained the charges against him. The notice also provided that the new pre-disciplinary hearing was scheduled on April 30, 2019.

Following the April 30, 2019 hearing, Capt. Roberts issued the disciplinary hearing disposition that sustained the charges against Ofc. Rogoff and recommended a four-day suspension. Chief Ferguson agreed, and on August 29, 2019, he forwarded to Ofc. Rogoff a suspension letter, notifying him of his four-day suspension that would begin on September 15, 2019.

Ofc. Rogoff promptly appealed his suspension to the Commission; and an adversarial hearing was held on May 27, 2020. The Hearing Examiner, in its

---

[2] Chief Noel testified that he disagreed with Sgt. Lewis because, after reading the investigation file and watching Ofc. Rogoff's body worn camera (BWC) video of the incident, he believed that Ofc. Rogoff did not fulfill his obligation to report the complaint.

January 13, 2021 report, found that NOPD's investigation was completed by February 11, 2019, when Ofc. Rogoff signed the first notice to the accused, or, at the latest, March 6, 2019, when Dep. Chief Noel authored a cover letter to Chief Ferguson recommending the charges against Ofc. Rogoff be sustained – both dates falling within the statutory deadline. The Hearing Examiner further found that NOPD met its burden of proof, and recommended Ofc. Rogoff's appeal be denied and the discipline upheld.

On September 13, 2021, the Commission granted Ofc. Rogoff's appeal, and found that NOPD failed to timely complete its investigation in compliance with La. R.S. 40:2531(B)(7). The Commission further found the discipline imposed was an absolute nullity pursuant to La. R.S. 40:2531(C) and ordered the four-day suspension removed from Ofc. Rogoff's record and that he be reimbursed for four days of back pay and other emoluments of employment.

NOPD timely filed an application for rehearing, which the Commission denied on November 15, 2021. This appeal followed.

## STANDARD OF REVIEW

"The Commission has authority to 'hear and decide' disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty." *Fulton v. Dep't of Police*, 17-0523, p. 4 (La. App. 4 Cir. 12/6/17), 234 So.3d 107, 110 (quoting *Pope v. New Orleans Police Dep't*, 04-1888 (La. App. 4 Cir. 4/20/05), 903 So. 2d 1, 5). "The authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty." *Id*. at p. 4, 234 So.3d at 111 (internal quotations and citations omitted). On review, the Commission "has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary action."

4

*Dupree v. New Orleans Police Dep't.*, 21-0134, p. 3 (La. App. 4 Cir. 10/27/21), 331 So.3d 385, 387 (citing *Whitaker v. New Orleans Police Dep't*, 03-0512, p. 2 (La. App. 4 Cir. 9/17/03), 863 So.2d 572, 574).

"An appellate court reviews a Commission's findings of fact by applying manifest error standard of review." *Williams v. Sewerage & Water Bd.*, 21-0020, p. 4 (La. App. 4 Cir. 1/5/22), 334 So.3d 818, 821-22 (citation omitted). However, the Commission's procedural decisions and interpretations of law are reviewed *de novo*. *Byrd v. Dep't of Police*, 12-1040, p. 10 (La. App. 4 Cir. 2/6/13), 109 So.3d 973, 980.

## DISCUSSION

NOPD assigns multiple errors,[3] all of which raise the issue of whether the Commission erred in finding the discipline NOPD imposed on Ofc. Rogoff was an

---

[3] NOPD lists the following assignments of error:

1. The Commission erred in in nullifying the four (4) day suspension NOPD issued to Rogoff, while acknowledging the undisputed facts presented by NOPD establishing that the violations Rogoff was charged with had occurred, including (1) failing to issue a police report as required documenting a citizen report of property damage; and (2) failing to collect video evidence the citizen presented documenting the trespassers' property damage; and that these violations impaired the efficient operation of the department;

2. The Commission erred in nullifying the four (4) day suspension NOPD issued to Rogoff while acknowledging that NOPD introduced documents into evidence at the Civil Service hearing confirming each stage of the timely misconduct investigation pursuant to La. R.S. 40:2531 (B)(7) from its initiation on 11-13-18 thru [sic] its completion with the Notice Rogoff signed for on 2-11-19 which advised him of the date, time and location of his pre-disciplinary hearing, all occurred well within the 120 days for an extended investigation;

3. The Commission erred in nullifying the four (4) day suspension NOPD issued to Rogoff by the Commission's misapplication of the well-established jurisprudence of this Honorable Court that pursuant to La. R.S. 40:2531(B)(7), an investigation is completed when the officer receives notice that he will have a pre-disciplinary hearing, particularly when that notice advises the officer of the date, time, and location of the hearing; and

4. The Commission erred in its misapplication of the well-established jurisprudence of this Honorable Court, that pursuant to La. R.S. 40:2531(B)(7), an investigation is completed when the officer receives notice that he will have a pre-disciplinary hearing, which notice is not vitiated simply by a continuance of the original hearing date.

absolute nullity for its failure to timely complete its investigation within the time delay mandated in La. R.S. 40:2531(B)(7). NOPD contends that because Ofc. Rogoff signed the notice to the accused on February 11, 2019, a month before the investigation completion deadline, its investigation did not extend beyond the one hundred twenty-day statutory limit.

The issue of whether the Commission erred in the construction and application of La. R.S. 40:2531(B)(7) presents an interpretation of law, and is thus subject to *de novo* review. *Liang v. Dep't of Police*, 13-1364, pp. 8-9 (La. App. 4 Cir. 8/20/14), 147 So.3d 1221, 1225 (internal citations omitted).

The Police Officer Bill of Rights, codified in La. R.S. 40:2531, sets forth the minimum standards the investigating agency is required to employ when police officers are under a disciplinary investigation and the resulting penalties for failure to comply with those standards. Specifically, at the time Ofc. Rogoff was charged and investigated, La. R.S. 40:2531(B)(7) provided, in pertinent part:[4]

> When a formal, written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed

---

[4] La. 40:2531(B)(7) was amended by Act 2021 La. Sess. Law Serv. Act 451 (H.B. 430) and extended the statutory time-delay to complete a disciplinary investigation from sixty days to seventy-five days. The statute also added the following language regarding notice:

> The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. The notice may be given in writing or electronically. The notice is considered received by the police employee or law enforcement officer under investigation on the date sent, provided it is sent to the department email address in the personnel file of the police employee or law enforcement officer. The notice shall be considered received by the police employee or law enforcement officer under investigation on the date received, provided it is sent to the home address in the personnel file of the police employee or the law enforcement officer. Nothing in this Paragraph shall limit any investigation of alleged criminal activity.

within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. *The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint.* Nothing in this Paragraph shall limit any investigation of alleged criminal activity. (Emphasis added.)

La. R.S. 40:2531(C) – the penalty for failing to comply with the minimum standards – provides:

There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

It is well settled that the appointing authority initiates its investigation under La. R.S. 40:2531(B)(7) on the date it initiates the formal disciplinary investigation. *Abbott v. New Orleans Police Dep't*, 14-0993, p. 17 (La. App. 4 Cir. 2/11/15), 165 So.3d 191, 202-03. Moreover, the statute explicitly mandated that "[t]he investigation shall be considered complete upon notice to [the police officer] . . .

under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint." La. R.S. 40:2531(B)(7).

The statute provides for three exceptions to the sixty-day requirement. First, NOPD may petition the Commission for an extension of time within which to complete the investigation, and, upon a showing of good cause, the Commission may grant NOPD an extension of up to sixty days. *Id*. Second, the officer under investigation and the Commission may enter into a written agreement extending the investigation for up to sixty days. *Id*. Lastly, the sixty-day requirement is not applicable to investigations involving alleged criminal activity. *Id*.

Recently, in *Dupree v. New Orleans Police Dep't.*, this Court examined whether NOPD's investigation of one of its officers complied with the statutory time limit under La. R.S. 40:2531(B)(7). In that case, the officer was terminated for submitting false mileage from her vehicle's odometer to avoid NOPD's 40-mile limit on take-home vehicles. The investigation into her conduct began on January 11, 2019, and later the Commission granted NOPD a sixty-day extension of the investigation. The officer received a notice to the accused on May 8, 2019, but on August 2, 2019, the acting Commander submitted a cover letter, which provided additional charges and different reasons in support of its disciplinary investigation. The officer had a pre-termination hearing, and on November 6, 2019, was terminated. The officer appealed the termination to the Commission, which upheld the disciplinary action but found that the discipline was an absolute nullity for failure to timely complete the investigation. On appeal, this Court, agreeing with the Commission, found that the August 2, 2019 cover letter – which added different charges and conclusion to the investigation – formed the basis for termination and was untimely. *Dupree*, 21-0134, pp. 6-7, 331 So.3d at 389.

In the case *sub judice*, there is no dispute that Ofc. Rogoff's formal disciplinary investigation commenced on November 13, 2018, and the Commission granted NOPD a sixty-day extension of time within which to complete its investigation, extending the investigation deadline to March 13, 2019. The evidence shows that Ofc. Rogoff received his notice to the accused on February 11, 2019. The notice to the accused informed Ofc. Rogoff that (1) the investigation was completed; (2) Sgt. Lewis' recommended the charges be exonerated; (3) all charges were subject to the Superintendent's approval; and (4) a pre-disciplinary hearing and pre-disposition conference were scheduled for April 3, 2019. Similarly to *Dupree*, on March 6, 2019, Dep. Chief Noel issued a cover letter that recommended the disciplinary action be "SUSTAINED" and provided additional analysis and conclusions to the investigation. Capt. Roberts later forwarded a second notice of pre-disciplinary hearing on April 25, 2021 to Ofc. Rogoff, informing Ofc. Rogoff that Dep. Chief Noel overturned Sgt. Lewis' recommendation to exonerate him of the charges. The notice also provided that the new pre-disciplinary hearing was scheduled on April 30, 2019.[5] At the commission hearing, Dep. Chief Noel testified that, as far as he knew, NOPD never conducted hearings for exonerated cases. Capt. Roberts likewise testified that when disciplinary charges are exonerated, no pre-disciplinary hearing is scheduled. La. R.S. 40:2531(B)(7) is clear that an investigation is complete when charges are unsustained *or* a pre-disciplinary hearing date is scheduled, not both.

Accordingly, we conclude that the February 11, 2019 notice to accused was insufficient to provide meaningful notice of the charges against Ofc. Rogoff, as the

---

[5] Capt. Roberts testified at the hearing that his staff served the April 30, 2019 pre-disciplinary hearing notice on Ofc. Rogoff on April 25, 2019.

notice indicated that he had been exonerated of the charges. Ofc. Rogoff was not notified until April 25, 2021, well outside of the one hundred twenty-day statutory time limit to complete an investigation, that the charges were sustained by NOPD.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission granting Ofc. Rogoff's appeal and finding that the suspension an absolute nullity.

**AFFIRMED**